UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GRAHAME RHODES, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:15-CV-1794-CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Grahame Rhodes to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. #1].

The Court's records indicate that on December 14, 2012, movant pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. *See U.S. v. Rhodes*, No. 4:12-CR-277-CDP (E.D. Mo.). He was sentenced on March 15, 2013, to sixty-three months' imprisonment and three years of supervised release. *Id*. Movant did not appeal. In the instant action, movant seeks relief from his conviction and sentence on the ground of ineffective assistance of counsel. Somewhat confusingly, movant initially states on page 1 of his motion to vacate that his date of sentence and judgment of conviction was March 15, 2013, which comports with this Court's records; however, on page 2, footnote 1 of the motion, movant states that he was sentenced on February 26, 2015 [Doc. #1, p. 2 of 14].

**Discussion**

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1) and subject to summary dismissal. As previously noted, according to this Court's records, movant was sentenced on March 15, 2013, but, he did not file the instant motion to vacate until December 3, 2015, the date he placed the motion in the prison mailing system. Thus, it appears that this action is untimely. *See* Fed.R.App.P. 4(b)(1)(A); 28 U.S.C. §

2255(f)(1,4); *Anjulo-Lopez v. U.S.*, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (citing *Moshier v. U.S.*, 402 F.3d 116, 118 (2d Cir. 2005) (unappealed criminal judgment becomes final for purposes of calculating one-year limitations period specified in § 2255 when the period for filing a notice of appeal expires)).

Before taking any further action, and in light of movant's contradictory statements relative to when he was sentenced and whether the instant action was filed in a timely fashion, the Court will order movant to show cause why this case should not be dismissed as time-barred.

Respondent will not be ordered to respond to the motion to vacate at this time.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing, within thirty (30) days of the date of this Order as to why his 28 U.S.C. § 2255 motion to vacate should not be dismissed as time-barred. If movant fails to comply, the Court will dismiss this action as untimely.

Dated this 9th day of December, 2015.

*Catherine D. Perry*
**UNITED STATES DISTRICT JUDGE**